**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| AIKATERINI TSIOUPLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N22C-04-057 CLS |
| KEVIN HENRY MCLAUGHLIN, | ) | |
| JENNIFER V. MCLAUGHLIN, and | ) | |
| NEAL R. MCLAUGHLIN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Date Submitted: February 22, 2023
Date Decided: March 8, 2023

*Upon Plaintiff's Motion in Limine Regarding Plaintiff's Injuries and Damages.*
**DENIED.**

## ORDER

Vincent J.X. Hedrick, II, Esquire, Bove & Hedrick, Wilmington, Delaware, 19899, Attorney for Plaintiff, Aikaterini Tsioupli.

Miranda D. Clifton, Esquire, Heckler & Frabizzio, Wilmington, Delaware, 19899, Attorney for Defendants, Kevin Henry McLaughlin, Jennifer V. McLaughlin, and Neal R. McLaughlin.

**SCOTT, J.**

1

On this 8th day of March 2023, upon consideration of Plaintiff Aikaterini Tsioupli's ("Ms. Tsioupli") Motion *in Limine* Regarding Plaintiff's Injuries and Damages, and Defendants Kevin Henry McLaughlin, Jennifer V. McLaughlin, and Neal R. McLaughlin's ("Defendants") response, it appears that:

1. Ms. Tsioupli sustained injury as a result of a collision caused by Defendant Kevin McLaughlin. As a result of the accident, Ms. Tsioupli filed this suit and identified two expert medical witnesses, Dr. Demetrios Zerefos and Dr. Michael Brooks, to testify and provide reports on her behalf.

2. Defendants identified Dr. Frank Sarlo as their medical expert, and Dr. Sarlo provided a defense medical evaluation report setting forth his opinions.

3. Ms. Tsioupli asks this Court to preclude Defendants from introducing any evidence suggesting Ms. Tsioupli's injuries are from any other cause, or that a jury should award no damages, or insinuate, either through documents, questions of witnesses or otherwise, that Ms. Tsioupli's injuries and resulting damages were caused by anything other than this collision. Ms. Tsioupli believes the Court should grant this Motion because all experts establish that Ms. Tsioupli suffered injuries from the collision.

4. Defendants argue they do not agree with Ms. Tsioupli's representation that all experts agree as to the nature of Plaintiff's injuries. Defendants note all experts agree Ms. Tsioupli had a pre-existing degeneration in her cervical and

lumbar areas of her spine, the areas she claims injury from this accident, and all experts noted a prior accident in 2014.

5. This Court agrees with Defendants. Defendants should and will be given an opportunity during the trial for testimony by an expert regarding the prior accident and its similarities to this current injury, and degenerative findings. The weight and credibility of the testimony is left to the jury to determine the cause of the injury. This Court shall not preclude expert testimony regarding the origin of injury or causation of injury.

6. Based on the foregoing reasons, the Plaintiff's *Motion in Limine* Regarding Plaintiff's Injuries and Damages is **DENIED.**

**IT IS SO ORDERED.**

<u>**/s/ Calvin L. Scott**</u>
**Judge Calvin L. Scott, Jr.**